People v Delarosa
2026 NY Slip Op 04041
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Dilena Delarosa, Appellant.

Decided and Entered: June 25, 2026
Ind. No. 1573/19|Appeal No. 6970|Case No. 2024-02997|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Zoë Root of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kate Triffon of counsel), for respondent.

[*1]
Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Zoë Root of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kate Triffon of counsel), for respondent.
Judgment, Supreme Court, Bronx County (Shari R. Michels, J.), rendered April 12, 2024, convicting defendant, upon her plea of guilty, of assault in the second degree, and sentencing her to a term of 3½ years, unanimously reversed, on the law, to the extent of vacating the sentence and remanding the matter for a determination of whether defendant is entitled to a Penal Law § 60.12 eligibility hearing.
Even if we were to find defendant validly waived her right to appeal, the People concede that her waiver of the opportunity to be considered for sentencing under the Domestic Violence Survivors Justice Act (DVSJA) as a condition of her plea deal was improper (see People v N.H., — NY3d —, 2026 NY Slip Op 02437 [2026]). The DVSJA amended Penal Law § 60.12 to establish an alternative sentencing framework for certain defendants who are survivors of domestic violence (see N.H., 2026 NY Slip Op 02437, *1; People v Brenda WW., 44 NY3d 594, 598 [2025]). At the 60.12 eligibility hearing, the defendant must show that: (a) at the time of the offense, the defendant was "a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant"; (b) "such abuse was a significant contributing factor to the defendant's criminal behavior"; and (c) considering the "nature and circumstances of the crime and the history, character and condition of the defendant," a standard sentence would be "unduly harsh" (Penal Law § 60.12[1][a]-[c]). Upon a determination following a hearing that the defendant has satisfied all three criteria of the statute, the sentencing court "may instead impose" an alternative sentence (Penal Law § 60.12[1]; see N.H., 2026 NY Slip Op 02437, *4).
[*2]
As the Court of Appeals explained, although "section 60.12's language does not expressly point in either direction, the statutory structure and the animating purpose of the DVSJA alternative sentencing framework establish that the Legislature did not intend for waiver of such a hearing to be a permissible condition of a plea" (N.H., 2026 NY Slip Op 02437, *5). The Court reasoned that the Legislature "balanced the need to hold defendants accountable with the need to recognize and address a pervasive societal problem, and it determined that consideration of defendants' histories of domestic abuse and their potential for rehabilitation must factor into sentencing determinations" (id. at 5).
In view of the holding of N.H. and the People's concession of its applicability, the conviction must be reversed, the sentence vacated, and the matter remanded to allow defendant an opportunity to seek a hearing pursuant to Penal Law § 60.12, in
accordance with the three-prong test it requires. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026